UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 1-23-40869-ess |
| | CHAPTER: 13 |
| Paula Louissaint aka Paula Tallegrand, | |
| | HON. JUDGE: |
| | Elizabeth S. Stong |
| Debtor. | |
| | HEARING DATE AND TIME: |
| | May 9, 2023 at 10:30 A.M. |

-------------------------------------------------------------------X

**NOTICE OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

PLEASE TAKE NOTICE, that upon the application of SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Cabana Series IV Trust (together with any successor or assign, "Movant"), the undersigned shall move this Court for an Order, (i) granting in rem relief with respect to certain real property having an address of 4614 Avenue I, Brooklyn, NY 11234(the "Property") for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4); (ii) granting relief from the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1)-(2); (iii) granting relief from the co-debtor stay, pursuant to 11 U.S.C. § 1301(c)(3); (iv) granting waiver of the 14 day stay invoked pursuant to F.R.B.P. 4001(a)(3); (v) granting reasonable attorney fees and costs; and (vi) for such other and further relief as is just and proper.

This motion shall be heard remotely at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Suite 3585, Brooklyn, New York 11201-1800, Courtroom 3585, on the 9th day of May, 2023 at 10:30 A.M., or as soon thereafter as counsel may be heard.

All hearings before Judge Stong will be conducted remotely, by telephone or video as the Court deems appropriate, until further notice. It is not necessary to contact the Courtroom Deputy to request prior authorization to appear remotely, whether via telephone or video.

Please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and if appropriate, the party that you represent. Please be sure to register at least two business days before your hearing. You will receive instructions on how to access the remote hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time, and keep your audio and video on mute until your case is called.

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. If you do not have a CM/ECF account, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at [https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances](https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances). For more information, please see [https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong](https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong).

PLEASE TAKE FURTHER NOTICE, that answering affidavits, if any, must be served so as to be received not later than seven (7) days before the return date of this motion.

Dated: Garden City, NY
       March 21, 2023

By: /s/ _____
Richard Postiglione, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150

TO:

Paula Louissaint aka Paula Tallegrand
4614 Avenue I
Brooklyn, NY 11234
***Pro Se Debtor***

Marc Tallegrand
4614 Avenue I
Brooklyn, NY 11234
***Non-Filing Co-Debtor***

Krista M Preuss
Krista M. Preuss, Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753
***Trustee***

Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
***U.S. Trustee***

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

|  |  |
|---|---|
| IN RE: | : CASE NO.: 1-23-40869-ess |
|  | : |
|  | : CHAPTER: 13 |
| Paula Louissaint aka Paula Tallegrand, | : |
|  | : HON. JUDGE: |
|  | : Elizabeth S. Stong |
| Debtor. | : |
|  | : HEARING DATE AND TIME: |
|  | : May 9, 2023 at 10:30 A.M. |

------------------------------------------------------------------X

## MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY

Richard Postiglione, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Cabana Series IV Trust (together with any successor or assign, "Movant" or "Creditor"), the undersigned shall move this Court for an Order (i) granting in rem relief with respect to certain real property having an address of 4614 Avenue I, Brooklyn, NY 11234(the "Property") for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4); (ii) granting relief from the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1)-(2); (iii) granting relief from the co-debtor stay, pursuant to 11 U.S.C. § 1301(c)(3); (iv) granting waiver of the 14 day stay invoked pursuant to F.R.B.P. 4001(a)(3); (v) granting reasonable attorney fees and costs; and (vi)

for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

## BACKGROUND

1. Movant is a secured creditor of the Debtor pursuant to a Note executed by Marc Tallegrand (the "Non-Filing Co-Borrower") and Paula Tallegrand (the "Debtor"") on July 6, 2006, whereby the Debtor and Co-Borrowerr promised to repay $250,000.00 plus interest to World Savings Bank, FSB (the "Note"). To secure the repayment of the Note, the Debtor and Co-Borrower executed a Mortgage in favor of World Savings Bank, FSB , recorded on August 10, 2006 in the Kings County Office of the City Register of the City of New York in CRFN 2006000452032 (the "Mortgage," Note and Mortgage, collectively, the "Loan") encumbering the Property. The loan was ultimately assigned to Movant by an assignment of mortgage dated on February 3, 2020 (the "Assignment of Mortgage"). Copies of the Note, Mortgage, Merger Documents, and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. As the Debtor became delinquent upon the terms of the Loan, prior to the filing of the instant bankruptcy case, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings under index number 26066/09. Subsequently, a Judgment of Foreclosure and Sale (the "JFS") was entered on August 2, 2017 A copy of the entered JFS is annexed hereto as **Exhibit B**.

3. For clarification purposes, your Affirmant respectfully takes this opportunity to advise this Court that the Plaintiff on the JFS is in the name of Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Wachovia"), Movant's predecessor-in-interest. The Loan was transferred to Movant post commencement of the Foreclosure action. However, N.Y. C.P.L.R. Section 1018 allows the Plaintiff to remain unchanged "…upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to

whom the interest is transferred to be substituted or joined in the action" Therefore, the action properly remained in the name of Wachovia

4.  Following the entry of the JFS, the Debtor, Paula Louissaint filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 8, 2017, under Case No. 17-45971-cec (the "First Case"), pro se, effectively staying the foreclosure action and preventing Movant from setting a sale. The First Case was a barebones petition, without schedules and a Chapter 13 Plan. On December 26, 2017 the case was automatically dismissed pursuant to 11 U.S.C. § 521(i)(1) (ECF. Doc. No. 13).

5.  After dismissal of the First Case, the foreclosure proceeded, however, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 5, 2018, under Case No. 18-45083-cec (the "Second Case"), pro se, effectively staying the foreclosure action and preventing Movant from setting a sale. The Second Case was again a barebones petition, without schedules and a Chapter 13 Plan. The Trustee filed a Motion to Dismiss Case with Prejudice on Onctober 23, 2018 (ECF. Doc. No. 14). An Order Dismissing the Case and Barring Debtor "…from filing another petition under Chapter 13 or converting a Chapter 7 to Chapter 13 for a period of one (1) yearfrom the date of this Order…", was entered on November 19, 2018 (ECF. Doc. No. 16).

6.  Following the dismissal of the Second Case, the foreclosure action proceeded. However, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 24, 2019, under Case No. 19-43895-cec (the "Third Case"), pro se, effectively staying the foreclosure action and preventing Movant from setting a sale. During this Third Case the loan was being service by Wells Fargo Bank, N.A. ("Wells"). On July 24, 2019, the attorney's for Wells filed a Motion for In-Rem Relief from Stay (ECF. Doc. No. 12). The Chapter 7 Trustee

filed a Motion to Dismiss the Case for the Debtor's failure to appear at the 341 meeting (ECF. Doc. No. 16). The Attorney for Wells filed a letter requesting the Court hold the matter open on August 2, 2019. The case was automatically dismissed pursuant to 11 U.S.C. Section 521(i), on August 9, 2019 (ECF. Doc. No. 17). However, the court heard Wells' Motion for In-Rem Relief on September 10, 2019, and granted same, with an Order entered on September 23, 2019 lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(4) (the "In-Rem Order") (ECF Doc. No. 23). A copy of the In-Rem Order is attached hereto as **Exhibit C.**

7. Following the two-year lifting of the automatic stay due to the In-Rem Order, and dismissal of the Third Case, all New York state foreclosures were stayed for a period of time, starting in March 2020, due to the COVID-19 pandemic.

8. After the lifting of the foreclosure moratorium due to the COVID-19 pandemic, the loan was subsequently service transferred to the Movant and a foreclosure sale was eventually scheduled for March 16, 2023. A copy of the Notice of Sale is attached hereto as **Exhibit D.**

10. On March 15, 2023, the "eve of sale", the Debtor filed a voluntary petition in pro se for relief under Chapter 13 of the Bankruptcy Code under Case No. 23-40869-ess, and current matter, effectively staying the foreclosure sale (the "Fourth Case"). This Fourth Case is again a barebones petition, without schedules or a plan. This case is a deficient filing.. Just as in the prior cases, the Debtor and/or Co-Debtor have not proposed a feasible plan or commenced making plan payments. At this time we kindly request, the Court hold any dismissal until this application may be heard.

11. Copies of this PACER docket and previous PACER docket reports are attached hereto as **Exhibit E.**

## CREDITOR IS ENTITLED TO IN REM
## RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)

12.  Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

13.  Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D.Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D.Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D.Penn. 1998).

14.  To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 387.

15.  Analyzing a similar set of circumstances, the Court in *Blair* (*id*. at *4-5) granted in rem relief and found that:

> Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and

sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.

Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.

16. The Debtor has not made a meaningful attempt to prosecute any of the prior bankruptcy cases, and has repeatedly filed bankruptcies to stall Movant's foreclosure sales. Accordingly, Movant is irrefutably entitled to in rem relief from any further bankruptcy filings with respect to the Property for a period of at least two years pursuant to 11 U.S.C. §§ 105(a) and 362(d)(4)(B).

## CREDITOR IS ENTITLED TO RELIEF FROM STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1)-(2)

17. At the time the instant bankruptcy case was filed, the Debtor had failed to make current mortgage payments due to Movant under the terms of the modified Loan. As a result, the Loan remained contractually due for the November 15, 2008 payment. No post-petition payments have been made in this Chapter 13 case, and no plan has been proposed to cure Movant's pre-petition arrears. Movant further notes that no payments were made on the Modification of the Loan.

18. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

19. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

20. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is attached hereto as **Exhibit F.**

21. Relief pursuant to 11 U.S.C. § 362(d)(2) is also appropriate due to the lack of equity in the Property. The Debtor's outstanding amount of the obligations to Movant, less any partial payments or suspense balance, is approximately $677,211.79 as of March 31, 2023.

22. According to a Broker's Price Opinion obtained by the Movant dated February 18, 2023, the Property has an estimated value of $500,000.00. Accordingly, there is no equity remaining in the Property, and it is not necessary for an effective reorganization of the Debtor. Movant furthers notes that the Debtor's petition in the sixth and instant case does not list the Property as the Debtor's residence, so the Property is investment property and certainly not needed for an effective Chapter 13 reorganization of the Debtor. A copy of the Broker's Price Opinion is attached **Exhibit G.**

## CREDITOR IS ENTITLED TO RELIEF FROM THE CO-DEBTOR STAY IN EFFECT PURSUANT TO 11 U.S.C. § 1301(a)

23. Movant would be irreparably injured by continuation of the co-debtor, pursuant to 11 U.S.C. § 1301(c)(3), because the automatic stay did not take effect upon the filing of the instant petition and Movant's foreclosure sale was held. Movant respectfully requests an order granting co-debtor stay relief, pursuant to 11 U.S.C. § 1301(c)(3).

## CREDITOR IS ENTITLED TO A WAIVER OF THE
## STAY PROVISION OF FED. R. BANKR. PRO. 4001(a)(3)

24. Fed. R. Bank. Pro. 4001(a)(3) provides that "any order granting movant relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise."

25. In light of the history of filings and the negative impact on Creditor's lawful right to sell the Mortgaged Premises pursuant to the Final Judgment (*see* Exhibit B), no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Creditor is entitled to a waiver of the stay provision of Fed. R. Bankr. Pro. 4001(a)(3).

26. Movant respectfully requests $1,050 in reasonable attorney fees and $188 in filing costs associated with the instant Motion.

**WHEREFORE**, it is respectfully submitted that this Court should grant Creditor's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: Garden City, New York
      March 21, 2023

By: /s/ _____
Richard Postiglione, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150